IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Geoffrey N. Fieger, | ) | C/A No. 3:10-1038-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Supreme Court of South Carolina; Chief Justice Jean H. Toal, and Justice John W. Kittredge, in their official capacities, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Geoffrey N. Fieger ("Fieger"), a self-represented Michigan attorney, filed this action against the defendants, the South Carolina Supreme Court and two of its justices, the Honorable Jean H. Toal and the Honorable John W. Kittredge. Fieger claims that the defendants violated the Due Process and Ex Post Facto Clauses of the United States Constitution in revoking his *pro hac vice* admission to practice law in South Carolina. This matter is before the court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the defendants' motion to dismiss Fieger's Complaint. (ECF No. 14.)

Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Fieger of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (ECF No. 15.) Fieger filed a response opposing the defendants' motion to dismiss. (ECF No. 29.) Having carefully reviewed the parties' submissions and the applicable law, the court finds that the Complaint must be dismissed for lack of subject matter jurisdiction.

## BACKGROUND

Fieger was admitted to practice *pro hac vice* in connection with a civil lawsuit pending in the South Carolina Court of Common Pleas in Lexington County, Sheikh v. Lexington Medical Center, C/A No. 2003-CP-32-0675. A jury returned a verdict in favor of Fieger's client in the amount of $30 million; however, the trial court ordered a new trial.[1] Before the matter was again set for trial, the South Carolina Office of Disciplinary Counsel ("ODC") of the Commission on Lawyer Conduct, see Rules 3-5, RLDE, Rule 413, SCACR, petitioned the South Carolina Supreme Court for revocation of Fieger's *pro hac vice* admission after Fieger was indicted in Michigan for alleged federal campaign finance violations. (ECF No. 13-4.) The Supreme Court suspended Fieger's *pro hac* admission. (ECF No. 13-7.) Fieger was subsequently acquitted of the federal charges and sought reinstatement of his *pro hac vice* status in South Carolina. The Court directed ODC to make a recommendation on Fieger's motion.[2] One of the defendants in Shiekh then filed a "motion" opposing Fieger's reinstatement, which the Court treated as a disciplinary grievance for ODC to consider. ODC subsequently dismissed the grievance and Fieger again sought reinstatement. On July 23, 2009, the Supreme Court issued an order revoking Fieger's *pro hac vice* admission pursuant to Rule 404(e) of the South Carolina Appellate Court Rules, which governs the conduct of attorneys admitted *pro hac vice*. (ECF No. 13-18.) The order reflected a 3-2 decision signed by Chief Justice

---

[1] According to Fieger, the Shiekh case is currently set for a new trial in a November 2010 term of court. The court has therefore, at Fieger's request, expedited its Report and Recommendation in this matter.

[2] ODC ultimately took no position on Fieger's motion to have his suspension lifted. (See Order, Aug. 26, 2008, ECF No. 13-10 at 2.)



Toal, Justice Kittredge, and another justice who is now retired and not named as a defendant in this action.

Fieger petitioned for review of the South Carolina Supreme Court's decision by the United States Supreme Court, which denied certiorari. On April 27, 2010, Fieger filed the instant action in federal district court seeking "a declaratory judgment that the acts of Defendants are unconstitutional and void ab initio." (Compl. ¶ IV, ECF No. 1 at 5.) More specifically, Fieger requests a "declaration that Defendants' actions are unconstitutional; including an Order that the withdrawal of Plaintiff Fieger's *pro hac vice* admission is illegal, unconstitutional, and for naught." (Compl., ECF No. 1-1 at 8.)

## DISCUSSION

**A.     12(b)(1) Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded. It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

To resolve a jurisdictional challenge under Rule 12(b)(1), the court may consider undisputed facts and any jurisdictional facts that it determines. The court may dismiss a case for lack of subject matter jurisdiction on any of the following bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by

undisputed facts plus the court's resolution of disputed facts." Johnson v. United States, 534 F.3d 958, 962 (8th Cir. 2008) (quoting Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)).

**B.     The Rooker-Feldman Doctrine**

The Rooker-Feldman[3] doctrine prevents a lower court from exercising jurisdiction over a case brought by a "state court loser" challenging a state court judgment rendered before the district court proceedings commenced.  Lance v. Dennis, 546 U.S. 459, 460 (2006); Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005).  Implicit in the doctrine is the recognition that only the United States Supreme Court has jurisdiction over appeals from final state court judgments.  Lance, 546 U.S. at 463; Exxon, 544 U.S. at 283; see also 28 U.S.C. § 1257.  In recent years the Supreme Court has emphasized the narrowness of the doctrine.  See Lance, 546 U.S. at 464 (listing examples of when the Rooker-Feldman doctrine does not apply); see also Exxon, 544 U.S. at 284.  Reacting to the Supreme Court's instruction in such cases as Exxon, the United States Court of Appeals for the Fourth Circuit has rejected its prior test for determining whether the Rooker-Feldman doctrine applies, which, in reliance on Feldman, examined whether the issues raised in the federal lawsuit were so "inextricably intertwined" with the claims presented to the state court that they could have been raised in the state proceedings.[4]  Davani v. Virginia Dep't of Transp., 434 F.3d

---

[3] The name originates from two United States Supreme Court cases:  Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

[4] Recent cases warn courts not to confuse the Rooker-Feldman doctrine, which is jurisdictional, with the concept of claim preclusion, which is an affirmative defense.  See Davani v. Virginia Dep't of Transp., 434 F.3d 712, 717-18 (4th Cir. 2006) (observing that the Fourth Circuit's pre-Exxon interpretation of Rooker-Feldman essentially and improperly became a jurisdictional doctrine of *res judicata*); see also Lance, 546 U.S. at 466 ("The District Court erroneously conflated preclusion law with Rooker-Feldman. . . . Rooker-Feldman is not simply preclusion by another name.").

PJG

712, 716 (4th Cir. 2006). Post-Exxon, the Fourth Circuit identifies the pertinent inquiry as whether the plaintiff's injury is *caused by* the state court judgment itself. Id. at 718. Other courts have adopted a similar test. See, e.g., Kovacic v. Cuyahoga County Dep't of Children & Family Servs., 606 F.3d 301, 309-310 (6th Cir. 2010); Fieger v. Ferry, 471 F.3d 637 (6th Cir. 2006);[5] Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 87-88 (2d Cir. 2005); Galibois v. Fisher, 174 Fed. Appx. 579, 580 (1st Cir. 2006) (unpublished). Thus, after Exxon, the proper inquiry examines the source of the plaintiff's injury: if the state court judgment caused the plaintiff's injury, the claim is barred, but a claim alleging another source of injury is an independent claim.

Post-Exxon cases applying the Rooker-Feldman doctrine provide some guidance as to the types of cases that are not jurisdictionally barred. A federal case that parallels one pending in state court, for example, is not barred by the Rooker-Feldman doctrine. See Exxon, 544 U.S. at 292. Nor is a federal case raising a claim arising under federal anti-discrimination laws barred by Rooker-Feldman simply because the plaintiff lost an administrative appeal against his state-agency employer in the state appellate courts. Davani, 434 F.3d at 719. Further, a facial challenge to a state statute or rule that seeks prospective relief regarding its application in a future case is not barred. See Fieger v. Ferry, 471 F.3d 637, 646 (6th Cir. 2006); see also District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-83 (1983) ("To the extent that Hickey and Feldman mounted a general challenge to the constitutionality of Rule 46 I(b)(3) . . . the District Court did have subject matter jurisdiction over their complaints.").

---

[5] Fieger v. Ferry involved the plaintiff in the instant action. In that decision the Sixth Circuit rejected Fieger's challenge to the decisions of certain Michigan Supreme Court justices not to recuse themselves in past cases.

*PJG*

An examination of Fieger's Complaint shows that, despite Fieger's attempt in his brief to characterize it otherwise, the source of his injury is the Supreme Court's July 23, 2009 Order revoking his *pro hac vice* admission.  (See Compl. ¶¶ 20-21, 28-29, 31, ECF No. 1 at 3, 1-1 at 4-8; see also Defs.' Reply Mem. at 3-4, ECF No. 30 at 3-4.)  Courts have repeatedly held that challenges to state court determinations regarding the practice of law are barred by Rooker-Feldman.  See, e.g., In re Cook, 551 F.3d 542 (6th Cir. 2009) (holding that the federal court was precluded by the Rooker-Feldman doctrine from reviewing any claims that challenge the sufficiency of the proceedings afforded to Cook by the State of Ohio in Cook's state disbarment proceedings); Mosby v. Ligon, 418 F.3d 927 (8th Cir. 2005) (holding that an attorney's allegation that the Arkansas Model Rules of Professional Conduct were applied to her in an unconstitutional manner in a previous disciplinary proceeding were barred by the Rooker-Feldman doctrine, as her claim sought to undo the disciplinary decision); accord Konan v. Sengel, 239 Fed. Appx. 780 (4th Cir. 2007) (unpublished).  The fact that Fieger is challenging the constitutionality of the procedures employed by the state Supreme Court in issuing its decision regarding the status of Fieger's admission rather than the substance of the Court's analysis in applying Rule 404(e) to Fieger's situation does not change the source of the injury.  See Feldman, 460 U.S. at 486 ("[District Courts] do not have jurisdiction, however, over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.").  Here, unlike the plaintiffs in Feldman and Fieger himself in his case before the

Page 6 of 9

*PJG*

Sixth Circuit, Fieger is *not* challenging the facial constitutionality of Rule 404(e).[6] Cf. id. at 482-83; Fieger v. Ferry, 471 F.3d at 646. Any constitutional defects in the procedures employed by the defendants in arriving at their decision are reviewable only by the United States Supreme Court, as the alleged defects are intrinsic to the decision itself. Cf. Davani, 434 F.3d at 719 (finding that the source of injury was the defendant agency's discriminatory employment action, not the appellate court's decision to affirm the defendant agency's administrative findings). Were the law otherwise, any alleged constitutional defect embodied in a state court decision would be reviewable by a federal district court under 42 U.S.C. § 1983. Such a rule would be contrary to even the narrowest interpretation of the Rooker-Feldman doctrine and 28 U.S.C. § 1257. See Johnson v. Orr, 551 F.3d 564, 568 (7th Cir. 2008) (" '[A] litigant may not attempt to circumvent the effect of Rooker-Feldman and seek a reversal of a state court judgment simply by casting the complaint in the form of a civil rights action.' ") (quoting Holt v. Lake County Bd. of Comm'rs, 408 F.3d 335, 336 (7th Cir. 2005)); Prince v. Arkansas Bd. Exam'rs in Psychology, 380 F.3d 337, 340 (8th Cir. 2004) (holding that a litigant who lost his case in state court cannot recast his claim as a § 1983 action but rather must follow the appellate procedure through the state courts and seek review before the United States Supreme Court).

Although Fieger contends in his opposition memorandum that he is not seeking to "undo" the judgment of the South Carolina Supreme Court, his Complaint belies this assertion. (Compare Pl.'s Resp. Opp'n Mot. Dismiss at 2, ECF No. 29 at 2 with Compl., ECF No. 1-1 at 8.) Fieger

---

[6] Like the plaintiff in Feldman, Fieger here mounts a challenge to a *judicial* action of the state Supreme Court, not a legislative one. Moreover, his challenge is to the judicial application of the Rule specifically to him rather than a facial challenge. His Complaint shows that he is challenging the "actions of the defendants" in revoking his *pro hac vice* admission, not in promulgating Rule 404(e) itself.

argues that he is solely seeking prospective declaratory and injunctive relief and that he is challenging the "Defendants' unconstitutional policy and practice of denying due process before revoking an out-of-state attorney's pro hac vice status." (Pl.'s Resp. Opp'n Mot. Dismiss at 3, ECF No. 29 at 3.) However, nowhere does Fieger identify the policy and practice to which he refers, and the Complaint shows that what he is really challenging is the Supreme Court's decision itself. (Compl., ECF No. 1-1 at 8.) Fieger's *post hoc* characterization of his claim as one challenging future application of Rule 404 to him is inconsistent with the allegations of his Complaint. Fieger cannot amend his Complaint to change his theory of the case via a memorandum in opposition to the defendants' motion to dismiss. See Myland Labs., Inc. v. Akzo, 770 F. Supp. 1053, 1068 (D. Md. 1991) (" '[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.' ") (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101 (7th Cir. 1984)).

## RECOMMENDATION

Even under the modern interpretation of the Rooker-Feldman doctrine, the court lacks subject matter jurisdiction over Fieger's Complaint. Accordingly, the court recommends that the defendants' motion pursuant to Rule 12(b)(1) be granted and that all other pending motions be terminated. In the absence of jurisdiction, the court further recommends that no ruling be made regarding the remaining grounds for dismissal raised by the defendants pursuant to Rule 12(b)(6).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 16, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).