IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Geoffrey N. Fieger, | ) | |
| | ) | C.A. No. 3:10-1038-CMC-PJG |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| Supreme Court of South Carolina; | ) | |
| Chief Justice Jean H. Toal, and | ) | |
| Justice John W. Kittredge, in their | ) | |
| official capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Defendants' motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and Plaintiff's related motion for oral argument. Dkt. Nos. 14, 35. In addition, Plaintiff has filed a motion for summary judgment, which motion has been stayed pending resolution of Defendants' motion to dismiss. Dkt. Nos. 13, 17, 19, 27. For the reasons set forth below and in the Report and Recommendation (Dkt. No. 32), which is adopted by this order, the court denies the motion for oral argument, grants the motion to dismiss for lack of subject matter jurisdiction, and finds the motion for summary judgment moot.

**BACKGROUND**

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On August 16, 2010, the Magistrate Judge issued a Report recommending that Defendants' motion to dismiss for lack of subject matter jurisdiction (Fed. R. Civ. P. 12(b)(1)) be granted. Consistent with this recommendation, the Report recommended that no rulings be made regarding the other grounds advanced for dismissal.

The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff responded by filing a timely motion for a hearing on the Report and underlying motions (Dkt. No. 35, filed August 18, 2010) as well as timely objections (Dkt. No. 38, filed August 31, 2010). In his objections, Plaintiff concedes that the Report's "recitation of the law is accurate." Dkt. No. 38 at 2. He argues that the recommendation is, nonetheless, in error because the Report's "application of the facts to the law is wrong" as the remedy he seeks is not solely "a retroactive remedy." *Id.*

## STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

## DISCUSSION

As noted above, Plaintiff concedes that the recitation of the law contained in the Report is accurate. The court agrees and adopts the same. Plaintiff's challenge to the recommendation rests

on his view that his "constitutional injury continues to inure." Dkt. No. 38 at 2 (emphasis in original). Plaintiff also asserts that he is seeking a "declaratory judgment that Defendants' policy and practice (i.e., *sua sponte* revocation of an attorney's *pro hac vice* status without notice or an opportunity to be heard) is unconstitutional." *Id.* at 3. He argues that such a declaration "would be prospective in nature, and has nothing to do with Defendants' past order." *Id.* In support of this premise, Plaintiff quotes the complaint which sought "a declaration that Defendants' actions are unconstitutional; including an Order that the withdrawal of Plaintiff Feiger's *pro hac vice* admission is illegal, unconstitutional and for naught." *Id.*

This last statement, as well as other comments in his objections and other filings, confirm that the source of the injury from which Plaintiff seeks relief is a prior order of the South Carolina Supreme Court.[1] It follows that the requested relief is not prospective in nature even if the injury

---

[1] In the first paragraph of his objection, Plaintiff recites the history of the withdrawal of his *pro hac vice* status in *Sheikh v. Lexington Medical Center*, C.A. No.2003-CP32-0675 (Lexington County Court of Common Pleas), a case in which he obtained a $30 million jury verdict, only to have the trial judge order a new trial absolute. Dkt. No. 38 at 1. Although Plaintiff suggests that a "declaration that Defendants' actions are unconstitutional" would not be retrospective because "[i]t would be left for the state courts to decide how to remedy their unconstitutional policy or practice," it is clear that what he seeks here is a determination that the state court's actions in withdrawing his *pro hac vice* status were improper. This conclusion is further supported by Plaintiff's motion for oral argument in which he states that he "filed . . . the instant complaint alleging that Defendants' actions deprived him of his constitutionally protected rights under the Fourteenth Amendment." He then argues that "time is of the essence in this matter given that his client [in *Sheikh*] is facing an imminent retrial date in state court without Plaintiff–her retained counsel of choice." Dkt. No. 35 at 1. Both the reference to a prior deprivation of rights and the basis of the stated urgency confirm that the relief sought is not merely an advisory declaration as to how future reviews of *pro hac vice* admissions should be handled, but a ruling that the state court's prior actions in *Sheikh* were improper. *See also id*. at 1-2 (stating that the "*sua sponte* order revoking Plaintiff's *pro hac vice* status amid an on-going state court proceeding is grossly unconstitutional *and requires this Court's immediate attention, lest justice be lost*."); Complaint ¶ IV (Dkt. No. 1 at 5) (stating that Plaintiff seeks "a declaratory judgment that the acts of Defendants are unconstitutional and void ab initio.").

3

from the prior order continues to be felt given that any continuing injury is only the natural effect of the prior order. Thus, as the Report explains, the relief sought here is distinguishable from "a facial challenge to a state statute or rule that seeks prospective relief regarding its application in a future case," as to which the court may have subject matter jurisdiction. Dkt. No. 32 at 5 (citing, *e.g., Feiger v. Ferry,* 471 F.3d 637, 646 (6th Cir. 2006)).[2]

For the reasons set forth above, the court overrules Plaintiff's objections, adopts the Report in full, and grants Defendants' motion to dismiss for want of subject matter jurisdiction. In reaching this conclusion, the court has considered Plaintiff's motion for oral argument but has concluded that oral argument would not aid the court in reaching a decision and, therefore, denies the motion for oral argument. Because the court lacks subject matter jurisdiction, it declines to address any other arguments for dismissal and finds all other pending motions moot.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for oral argument is denied, Defendants' motion to dismiss is granted based solely on the lack of subject matter jurisdiction, and other aspects of Defendants' motion as well as all other pending motions are deemed moot.

IT IS SO ORDERED.

                                                                            s/ Cameron McGowan Currie
                                                                            CAMERON MCGOWAN CURRIE
                                                                            UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 7, 2010

---

[2] Plaintiff does not identify any particular rule or procedure of the state court which he seeks to have declared unconstitutional. What he challenges are specific *actions previously taken* by the state court. Moreover, his injury can only be remedied if the prior order is withdrawn. An order addressing only future actions by the court would be of benefit only if he first obtained *pro hac vice* readmission and was, subsequent to that readmission, again faced with possible revocation of his *pro hac vice* status.